UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| KENNARD CROW | § |
| | § |
| v. | § CIVIL NO. 4:19-CV-600-SDJ |
| | § |
| AMERICAN MESSAGING SERVICE, L.L.C. | § |

**MEMORANDUM ADOPTING IN PART THE REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the Report and Recommendation of the United States Magistrate Judge ("Report"), this matter having been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On June 26, 2020, the Report of the Magistrate Judge, (Dkt. #45), was entered containing proposed findings of fact and recommendations that Defendant American Messaging Service, L.L.C.'s Motion to Dismiss, (Dkt. #21), be denied as moot, that Defendant's Motion for Summary Judgment, (Dkt. #42), be granted, and that Plaintiff Kennard Crow's claims be dismissed with prejudice. Having assessed the Report and considered Plaintiff's objections, (Dkt. #49), the Court determines that the Magistrate Judge's Report and Recommendation should be adopted in part.

The Magistrate Judge recommended that Plaintiff's claims be dismissed, concluding that Crow knowingly and voluntarily signed the severance agreement in dispute, which is therefore valid and enforceable and releases Defendant from all future claims by Crow relating to Crow's employment and termination. *See* (Dkt. #45 at 12–21). The Court adopts the sections of the Magistrate Judge's Report that

1

provide the relevant factual and procedural background, evidence, and legal standard, and that analyze the validity of the severance agreement and the effect of said agreement in barring Plaintiff's claims. (Dkt. #45 at 1–21). The Court concludes that Plaintiff knowingly and voluntarily signed a severance agreement barring Plaintiff's discrimination claim under Title VII of the Civil Rights Act of 1964 ("Title VII"). Defendant is therefore entitled to summary judgment and the dismissal of this claim. The Court need not address the merits of Plaintiff's Title VII claim because this Order, which grants final disposition on the basis of the severance agreement, renders the merits and substance of Plaintiff's alleged Title VII claim moot. The Court therefore declines to adopt the Magistrate Judge's conclusions with respect to Plaintiff's failure to establish a prima facie discrimination case. *See* (Dkt. #45 at 21–24).

With respect to Plaintiff's claims under state law—intentional infliction of emotional distress, breach of contract, and fraud—the Magistrate Judge correctly concluded that all three claims should be dismissed, (Dkt. #45 at 24–28); however, with respect to two of the three claims, the Magistrate Judge applied the law of the wrong state (albeit virtually identical in substance to the appropriate state law). In federal-question-jurisdiction cases where a court is exercising supplemental jurisdiction over state-law claims, a federal court must apply the choice-of-law rules of the forum state to the state-law claims. *In re Enron Corp. Secs., Derivative & "ERISA" Litig.*, 511 F.Supp.2d 742, 790 (S.D. Tex. 2005); *accord Mathworks, Inc. v. Comsol AB*, No. 6:06-CV-335, 2008 WL 5544933, at *2 (E.D. Tex. Oct. 7, 2008). Thus,

Texas choice-of-law rules govern the instant litigation. Under Texas law, choice-of-law provisions in contracts must typically be enforced. *See, e.g.*, *Rieder v. Woods*, 603 S.W.3d 86, 90 (Tex. 2020). Here, due to the severance agreement's choice-of-law provision, (Dkt. #45 at 14), the Magistrate Judge correctly applied Ohio law to Plaintiff's breach-of-contract action. The Court adopts the Magistrate Judge's analysis and conclusion with respect to Plaintiff's breach-of-contract action. (Dkt. #45 at 25–26).

However, where choice-of-law provisions do not expressly encompass tort claims, parties to a contract are generally not entitled to assert tort claims under the law of the state stipulated in the provision. *Stier v. Reading & Bates Corp.*, 992 S.W.2d 423, 433 (Tex. 1999). Thus, the choice-of-law provision in the severance agreement, stipulating that Ohio law governs "this agreement," does not encompass Crow's tort claims. (Dkt. #45 at 14). Instead, under Texas rules regarding choice of law, courts are to apply the "most significant relationship" test under the Restatement (Second) of Conflict of Laws § 6 and § 145. In tort cases, the Restatement enumerates the following as relevant factors: where the injury occurred, where the conduct causing the injury occurred, the domicile of the parties, and the place where the relationship between the parties, if any, is centered. *Am. Nat'l Ins. Co. v. Conestoga Settlement Tr.*, 442 S.W.3d 589, 593 (Tex. App.—San Antonio 2014, pet. denied); RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 6, §145 (1971). Here, all four factors counsel in favor of applying Texas law to Crow's tort claims. Both the alleged injury and the conduct causing said injury occurred in Texas. Both parties are

domiciled in Texas. And Crow was employed by Defendant in Texas. Thus, Texas law applies.

However, while the Magistrate Judge applied Ohio law to each of Crow's tort claims, the result that the Magistrate Judge recommended would be the same under Texas law. Under Texas law, intentional infliction of emotional distress occurs when (1) the defendant acted intentionally or recklessly, (2) the conduct was extreme and outrageous, (3) the actions of the defendant caused the plaintiff emotional distress, and (4) the emotional distress suffered by the plaintiff was severe. *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993) (quoting RESTATEMENT (SECOND) OF TORTS § 46 (1965)).[1] These elements are essentially identical to those under the Ohio law, as relied upon by the Magistrate Judge. (Dkt. #45 at 24–25). Accordingly, notwithstanding the Report's application of Ohio law, the Court adopts the Magistrate Judge's recommendation that the Court dismiss with prejudice Crow's claim of intentional infliction of emotional distress. (Dkt. #45 at 25). Similarly, with respect to Plaintiff's fraud claim, the elements of fraud are essentially identical under Texas and Ohio law. *Sears, Roebuck & Co. v. Meadows*, 877 S.W.2d 281, 282 (Tex. 1994) (a fraud cause of action requires "a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon,

---

[1] The Texas Supreme Court considers the tort of intentional infliction of emotional distress to be a "gap-filler." *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005). Under Texas law, such a claim is available only when a person intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress; however, such cases are rare. *Hoffman-La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004).

4

and which caused injury." (emphasis omitted)). Accordingly, the Court adopts the Magistrate Judge's recommendation that Crow's fraud claim be dismissed, notwithstanding the Report's application of Ohio rather than Texas law.

This Order thus adopts in part the Report and Recommendation of United States Magistrate Judge, (Dkt. #45 at 1–21), declines to adopt a portion of the Report (Dkt. #45 at 21–24), and adopts with qualification a portion of the Report (Dkt. #45 at 24–28).

It is therefore **ORDERED** that Defendant's Motion to Dismiss, (Dkt. #21), is **DENIED AS MOOT**.

It is further **ORDERED** that Defendant's Motion for Summary Judgment, (Dkt. #42), is **GRANTED**. All of Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that Defendant's Motion to Stay Discovery and Pending Deadlines, (Dkt. #34), Plaintiff's Motion for Contempt, (Dkt. #46), Defendant's Motion to Strike, (Dkt. #52), Plaintiff's Amended Motion for Summary Judgment, (Dkt. #54), Defendant's Motion to Strike, (Dkt. #57), and Plaintiff's Motion for Leave to File Third Amended Complaint, (Dkt. #58), are **DENIED AS MOOT**.

The Court will enter a final judgment by separate order.

**So ORDERED and SIGNED this 17th day of September, 2020.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE